IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **DESIGN IDEAS, LTD.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 20-cv-3231 |
| ) | |
| **TARGET CORPORATION,** ) | |
| ) | |
| **Defendant** ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Partial Motion to Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(6) (d/e 13) filed by Defendant Target Corporation.  For the reasons stated below, Defendant's motion is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

On September 4, 2020, Plaintiff Design Ideas filed a Complaint (d/e 1) alleging ten counts of patent infringement against Defendant Target Corporation.  Plaintiff alleges that Defendant infringes ten of Plaintiff's patents by selling expanded wire metal containers marketed under the Target house brand "Made by

Design." D/e 1, ¶ 11.  On January 4, 2021, Defendant filed the pending Partial Motion to Dismiss (d/e 13), in which Defendant requests the dismissal with prejudice of Counts I–VI and VIII of the Complaint.  Defendant argues that the design patents alleged to be infringed in Counts I–VI are invalid as anticipated and obvious and further argues that the doctrine of prosecution history estoppel bars a finding of infringement as to Counts I–VI.  Defendant further argues that Count VIII should be dismissed because the accused products are "formed of a single piece" of metal mesh material rather than three conjoined pieces of metal mesh material as required by the asserted patent, and therefore do not infringe. D/e 13, ¶ 3.

     Plaintiff has filed a Response (d/e 15) to Defendant's Motion to Dismiss.  Plaintiff argues that Defendant's anticipation and estoppel arguments are premature, as invalidity and estoppel are affirmative defenses that must be pled and cannot be decided on a motion to dismiss under Rule 12(b)(6).  Plaintiff also argues that Defendant's "single piece" non-infringement argument regarding Count VIII should be denied on the merits and that the anticipation and

estoppel arguments should be denied on the merits if the Court reaches the merits. Defendant has replied to Plaintiff's Response, see d/e 19, and Plaintiff has filed a Surreply (d/e 23) to Defendant's Reply.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the

defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action.  Id.

### III. ANALYSIS

Plaintiff alleges that products sold by Defendant infringe ten of Plaintiff's patents, including six "design patents" and four "utility patents."  Defendant has argued that each of the six design patent claims should be dismissed because: (1) each of the asserted design patents is invalid as anticipated in light of prior sales; and (2) the doctrine of prosecution history estoppel bars a finding that the accused Target products infringe the asserted design patents.  Defendant also argues that one of the four utility patent claims, Count VIII, should be dismissed because the patent asserted in Count VIII is for a method of constructing a container from three separate pieces of metal mesh material, whereas the accused Target products are constructed from a single piece of mesh.

A. **Defendant's Anticipation Defense is Premature.**

Defendant first argues that the accused Target products cannot infringe the asserted design patents because the asserted design patents are invalid and "an invalid patent cannot be infringed." Commil USA, LLC v. Cisco Sys., 575 U.S. 632, 644 (2015). Defendant argues that the asserted design patents are invalid because they are "anticipated." See d/e 13, ¶ 1. A design patent is not valid unless it is "new." 35 U.S.C. § 171(a). A design patent is "anticipated," that is, invalid because it is not new, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives," the design is substantially identical to a prior design that was commercially available more than a year before the later patent's filing date. Samsung Electronics Co., Ltd. v. Apple Inc., 137 S. Ct. 429, 432 (2016) (quoting Gorham Mfg. Co. v. White, 81 U.S. 511, 525 (14 Wall.) (1871)); see 35 U.S.C. § 102 (persons not entitled to patents on sale more than one year before effective filing date of later patent); Int'l Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1237 (Fed. Cir. 2009) (holding that the ordinary observer test is the only test for anticipation).

Invalidity is an affirmative defense that a defendant has the burden of proving by clear and convincing evidence. Tech. Licensing Corp. v. Videotek, Inc., 545 F.3d 1316, 1327 (Fed. Cir. 2008). A plaintiff is not required to "plead around" affirmative defenses, Hyson USA, Inc. v. Hyson 2U, Ltd., 821 F.3d 935, 939 (7th Cir. 2016), so it is usually inappropriate to dismiss a claim under Rule 12(b)(6) on the basis of an invalidity defense. Midwest Innovative Prod., LLC v. Kinamor, Inc., No. 16-CV-11005, 2017 WL 2362571, at *5 (N.D. Ill. May 31, 2017). The only exception to this general rule applies when "the allegations of the complaint . . . set forth everything necessary to satisfy the affirmative defense." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005). "In other words, 'the plaintiff must affirmatively plead himself out of court.'" Hyson USA, 821 F.3d at 939 (quoting Chi. Bldg. Design v. Mongolian House, Inc., 770 F.3d 610, 613 (7th Cir. 2014)).

Here, Plaintiff has not pleaded itself out of court. Defendant's invalidity arguments depend on materials from outside of the pleadings, namely the patent application information for the D'510 and D'753 patents. While some courts have taken judicial notice of

the prosecution histories of asserted patents, see, e.g., Lecat's Ventriloscope v. MT Tool & Mfg., No. 16-CV-5298, 2018 WL 3651592, at *3 (N.D. Ill. Aug. 1, 2018), courts have refused to do so when defendants "improperly seek[] resolution of issues on the merits" in a 12(b)(6) motion by "seek[ing] to admit materials outside the complaint to resolve matters of claim construction and invalidity based on anticipation and priority—matters typically resolved at later stage of litigation." Midwest Innovative, 2017 WL 2362571, at *2; see Video Gaming Techs., Inc. v. Castle Hill Studios LLC, No. 17-CV-454, 2018 WL 284991, at *3 (N.D. Okla. Jan. 3, 2018); Facebook, Inc. v. Teachbook.com LLC, 819 F. Supp. 2d 764, 772 (N.D. Ill. 2011).

**B.    Prosecution History Estoppel Does Not Bar Plaintiff's Design Patent Claims.**

Defendant also argues that the doctrine of prosecution history estoppel bars a finding that the accused products infringe any of the asserted design patents. Plaintiff responds that Defendant's estoppel defense, like the anticipation defense, is premature. But whether prosecution history estoppel applies is a "question of law" that "may be determined on a motion to dismiss." Jenny Yoo

Collection, Inc. v. Watters Design Inc., No. 16-CV-2205, 2017 WL 4997838, at *9 (S.D.N.Y. Oct. 20, 2017) (dismissing claim under Rule 12(b)(6) because prosecution history estoppel barred finding that accused product infringed design patent). Therefore, the Court will address the merits of Defendant's prosecution history estoppel argument.

Prosecution history estoppel bars a finding of infringement by an accused product where "the patentee originally claimed the subject matter alleged to infringe but then narrowed the claim in response to a rejection." Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 736 (2002). In the design patent context, prosecution history estoppel applies when: (1) there was a "surrender of claim scope" during the prosecution of the asserted design patent; (2) the surrender was "for reasons of patentability"; and (3) the accused design is within the scope of the surrender. Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC, 739 F.3d 694, 702 (Fed. Cir. 2014).

According to Defendant, Plaintiff surrendered its claim to designs without "seamless corners" during the prosecution of a

2001 wire mesh basket design patent (U.S. Pat. App. No. 29/148,906, the "'906 application"), to which the asserted design patents claim priority.  The '906 application was initially rejected by the Patent Examiner because the Examiner found that Plaintiff's claimed design was obvious in light of two earlier wire mesh basket designs and therefore not patentable.  See d/e 13, exh. 7, p. 3.  In response to this rejection, Plaintiff argued that the earlier designs did not "create basically the same visual impression" as the design claimed in the '906 patent.  Id., p. 6.  In support of this point, Plaintiff offered a list of nine elements of its new design, one of which was "closed corners being formed seamlessly with adjacent sidewalls."  Id., pp. 4–5.  Based partially on the fact that neither of the prior designs shared all of the listed elements, Plaintiff argued that its new design was visually dissimilar to the prior designs and therefore non-obvious.  See id., pp. 5–11.  The Examiner found Plaintiff's arguments to be "persuasive" and withdrew his rejection of the '906 application.  D/e 13, exh. 13, p. 3.

Defendant interprets Plaintiff's arguments to the Patent Examiner as a surrender of the right to accuse any product without

seamless corners. However, the claimed scope of design patents is "defined by drawings rather than language." Pacific Coast, 739 F.3d at 702. This means that, while courts look "primarily to the wording of the claims in utility patents for the purpose of prosecution history estoppel," in design patent cases courts "look at the requisite drawings in design patents to determine whether a surrender has occurred." Id. Defendant has not argued that Plaintiff amended the drawings in the '906 application in response to the Examiner's initial rejection of the application on obviousness grounds, so Plaintiff has not "narrowed the claim in response to a rejection." Festo, 535 U.S. at 736.

In the utility patent context, arguments made during prosecution can estop a patentee from asserting infringement under the doctrine of equivalents even if the patentee does not actually make a narrowing amendment to his claim. Voda v. Cordis Corp., 536 F.3d 1311, 1325 (Fed.Cir.2008). But no decision that this Court is aware of has applied argument-based estoppel in the design patent context. Cf. Pac. Coast, 739 F.3d at 703 (finding that plaintiff's removal of drawings of alternative designs from design

patent application, in response to rejection for violation of the requirement that design patent applications claim only one design, constituted surrender of alternative designs); Jenny Yoo, 2017 WL 4997838, at *9–10 (same).

    Moreover, argument-based estoppel arises only when the prosecution history includes a "clear and unmistakable surrender of subject matter." Eagle Comtronics, Inc. v. Arrow Commc'n Lab'ys, Inc., 305 F.3d 1303, 1316 (Fed. Cir. 2002), as amended on denial of reh'g and reh'g en banc (Nov. 1, 2002). Courts generally find argument-based estoppel only when "the patentee has explicitly disavowed a specific feature in the prior art," and "additional statements meant to further distinguish the claimed invention from prior art do not constitute clear and unmistakable surrender." Baseball Quick, LLC v. MLB Advanced Media L.P., No. 11-CV-1735, 2014 WL 6850965, at *9 (S.D.N.Y. Dec. 4, 2014), aff'd, 623 F. App'x 1012 (Fed. Cir. 2015). Here, Plaintiff's statements to the Examiner that the prior art containers were visually dissimilar to Plaintiff's design for reasons including the lack of seamless corners were additional attempts to distinguish the prior art. See Deering

Precision Instruments, L.L.C. v. Vector Distribution Sys., Inc., 347 F.3d 1314, 1326 (Fed. Cir. 2003) (statement made to clarify examiner's mistake and distinguish from prior art did not constitute clear and unmistakable surrender of subject matter).  Accordingly, argument-based estoppel does not bar Plaintiff's design patent infringement claims.

   Defendant asserts that seamless corners are a "limitation" of Plaintiff's design patents.  D/e 13, ¶ 2.  But design patents do not have written claim limitations, as utility patents do.  Boost Oxygen, LLC v. Oxygen Plus, Inc., 477 F. Supp. 3d 871, 880 (D. Minn. 2020), aff'd, 843 F. App'x 322 (Fed. Cir. 2021).  Design patents are infringed by products that are sufficiently visually similar to the patented design that "a purchaser familiar with the prior art would be deceived by the similarity."  Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 683 (Fed.Cir.2008).  At the motion to dismiss stage, where every reasonable factual inference is drawn in Plaintiff's favor and claims are afforded their "broadest possible construction," Pressure Specialist, Inc. v. Next Gen Mfg., Inc., No. 17-CV-6582, 2018 WL 572834, at *5 (N.D. Ill. Jan. 24, 2018), the

Court will not assume that it is impossible for a wire mesh basket without seamless corners to be sufficiently visually similar to Plaintiff's claimed designs to infringe.

C. **Count VIII Plausibly Alleges Infringement as to Some, But Not All, of the Accused Products.**

Defendant also argues that Count VIII of Plaintiff's Complaint, which alleges infringement of a utility patent, U.S. Patent No. 8,006,858 (the "'858 Patent"), should be dismissed. The '858 Patent protects "a method of forming a container" from "a basket portion of metal mesh material and a rail connected to the basket portion." D/e 1, exh. 12, p. 1. Count VIII alleges that thirteen containers sold by Defendant "practice each limitation of at least claim 1" of the '858 Patent. One limitation of claim 1 of the '858 Patent is that the container must be constructed from three separate pieces of metal mesh material. Defendant argues that at least two of the accused Target products are formed from a single cross-shaped piece of mesh material, rather than from three separate pieces conjoined in the manner described in claim 1.

Infringement of a utility patent requires that "every limitation" of at least one claim of the patent be found in the accused product.

Page **13** of **17**

Laitram Corp. v. Rexnord, Inc., 939 F.2d 1533, 1535 (Fed. Cir. 1991).  To survive a Rule 12(b)(6) motion to dismiss, therefore, a Complaint must "set forth sufficient facts to plausibly allege that the accused product embodies every limitation in a particular asserted claim."  Oil-Dri Corp. v. Nestle Purina Petcare Co., No. 15-CV-1067, 2017 WL 1197096, at *8 (N.D. Ill. Mar. 31, 2017).  No basket that is constructed from a single piece of mesh material can embody "every limitation" of claim 1 of the '858 Patent, since one limitation of that claim requires a three-piece construction.

Plaintiff alleges in the Complaint that the accused containers are all constructed of three separately-formed pieces of mesh material, see d/e 1, ¶¶109–10, but concedes in its Response to Defendant's Motion to Dismiss that "some of the accused containers may be formed from a single mesh piece cut and folded into the shape of the container."  D/e 15, p. 28.  Plaintiff's Response does identify four accused products, Target Stock Keeping Unit ("SKU") numbers 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, -1647, -1653, and -1654, which do appear to be constructed from three separately formed mesh pieces.  See id., p. 29.  The infringement allegations in Count VIII regarding

these four accused products are plausible. However, Plaintiff does not identify which, if any, of the other nine accused products also practice the three-piece limitation of the '858 Patent.

Plaintiff asserts that "[w]hich of the accused containers use which construction methods at what times is for discovery." D/e 15, p. 30. However, a plaintiff must "have a reasonable belief that a particular product violates a particular claim" before filing a patent infringement complaint. Hunts Point Ventures, Inc. v. Digecor, Inc., No. 11-CV-319, 2011 WL 13209601, at *3 (W.D. Wis. Aug. 24, 2011) (dismissing patent infringement complaint without prejudice under Rule 12(b)(6) for failure to plausibly allege infringement). The pictures included in the Complaint, even when viewed in the light most favorable to Plaintiff, show that at least two of the accused products do not fulfill the three-separate-piece limitation of claim 1 of the '858 Patent. See d/e 1, p. 16; d/e 1, exh. 2, p. 4. Accordingly, the Court finds that Plaintiff has not plausibly alleged infringement of the '858 Patent as to the containers shown on page 16 and exhibit 2 page 4 of the Complaint. Furthermore, the Court finds that Plaintiff's allegations as to the

remaining accused products do not include specific facts sufficient to show "why it is plausible that the other party's product infringes" the '858 Patent.  See N. Star Innovations, Inc. v. Micron Tech., Inc., No. 17-CV-506, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017). Accordingly, Count VIII is dismissed as to every accused product except for the products sold under SKU Nos. 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, 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, 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, and 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.

Defendant requests that the Court dismiss Count VIII with prejudice.  However, courts "freely give leave [to amend] when justice so requires."  Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana, 786 F.3d 510, 519 (7th Cir. 2015). Rule 15(a)(2) of the Federal Rules of Civil Procedure establishes a "liberal standard for amending."  Id.  Plaintiff has not amended its original Complaint since filing, and an opportunity to amend may allow Plaintiff to cure the deficiencies noted in this Order with respect to some of the products accused in Count VIII.  Accordingly, Plaintiff is given leave to file an amended complaint.  See Hunts Point Ventures, 2011 WL 13209601, at *3 (allowing plaintiff who

filed insufficiently detailed patent infringement complaint leave to amend).

## IV. CONCLUSION

For the reasons stated above, Defendant Target's motion to dismiss (d/e 13) is GRANTED IN PART and DENIED IN PART. Count VIII of Plaintiff's Complaint (d/e 1) is DISMISSED except as to the Target products sold under SKU numbers 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, 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, 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, and 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.  Plaintiff is given leave to file an amended complaint within 21 days of the entry of this Order.

**ENTERED:  December 20, 2021**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**