IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISON

DESIGN IDEAS, LTD.,               )
                                  )
    Plaintiff,                    )
                                  )
v.                                )     No. 20-cv-3231
                                  )
TARGET CORPORATION,               )
                                  )
    Defendant.                    )

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Strike Randa Hinds from Design Ideas LTD's Initial Disclosures and Bar Testimony filed by Defendant Target Corporation (d/e 65). Target Corporation's Motion to Strike Randa Hinds from Design Ideas LTD's Initial Disclosures and Bar Testimony is DENIED for the reasons stated herein.

### I. BACKGROUND

On September 4, 2020, Plaintiff Design Ideas, Ltd. ("Design Ideas") filed a Complaint against Defendant Target Corporation

("Target"), alleging infringement on six United States design patents and four United States utility patents related to metal mesh products.

On March 7, 2022, pursuant to Federal Rule of Civil Procedure 26, Design Ideas served its Initial Disclosures, which did not identify Randa Hinds, Chief Operating Officer at Design Ideas. On March 23, 2022, U.S. Magistrate Judge Eric I. Long entered a text order scheduling the closure of fact discovery for December 1, 2022. See d/e 30. On November 14, 2022, Design Ideas served its responses to Target's first set of interrogatories, identifying Hinds for the first time. See d/e 65, Ex. 1, pp. 17, 20. On January 18, 2023, Design Ideas supplemented its Initial Disclosures, disclosing Hinds.

On February 13, 2023, Target filed a motion to strike Randa Hinds from Design Ideas' initial disclosures and to bar her testimony. See d/e 65.

### III.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(a), a party must provide other parties "the name, and if known, the address and telephone number of each individual likely to have discoverable

information—along with the subjections of that information—that the disclosing party may use to support its claim or defenses." Fed. R. Civ. Pro. 26(a).  Pursuant to Federal Rule of Civil Procedure 26(e), "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response… in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. Pro. 26(e).

Pursuant to Federal Rule of Civil Procedure 37(c), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."  Fed. R. Civ. Pro. 37(c).  The Court has broad discretion in determining whether a Rule 26 violation is justified or harmless, but should consider the following factors: "(1) the prejudice or surprise to the party against whom the evidence if offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier

date." Uncommon, LLC v. Spigen, Inc., 926 F.3d 409, 417 (7th Cir. 2019) (quotation omitted).

## IV.  ANALYSIS

A.  **Design Ideas Did Not Violate Rule 26(e)**

Design Ideas did not violate Rule 26(e). After serving its first set of interrogatories on October 12, 2022, Target received Design Ideas' responses identifying Randa Hinds' relevance on November 14, 2022 – before fact discovery had closed, before any depositions had been taken, and before any trial date had been set. Additionally, Target could have, and still can, depose Ms. Hinds, curing any potential prejudice caused by the timing of Design Ideas' disclosure. See *e.g.*, *Johnson v. Oscar Winski Co. Inc.*, No. 4:18-CV-88-JVB-JEM, 2021 WL 7760225, at *2 (N.D. Ind. May 18, 2021) (denying motion to strike witness declaration and supplemental interrogatory responses provided a year after the close of discovery "because the prejudice caused by the late provision of the declaration can be cured by allowing Defendant to take a deposition of the witness.") and *Leach v. Shaffer*, No. 16-CV-634-JPG-RJD, 2019 WL 5874220, at *4 (S.D. Ill. July 15, 2019), report and recommendation adopted as modified, No. 16-CV-634-JPG-RJD,

2019 WL 4233659 (S.D. Ill. Sept. 6, 2019) (denying motion to strike affidavit where plaintiff had an opportunity to depose witness, but chose not to).

## B.   Rule 37(c) Does Not Favor Exclusion of Ms. Hinds' Testimony

Even if Design Ideas had violated Rule 26(e), its failure was substantially justified and harmless under Rule 37. Each of the four factors under Rule 37(c) support a finding of harmlessness.

### 1.   Prejudice or Surprise to Target

Although Target argues that the timing of Ms. Hinds' disclosure was prejudicial to the economic use of its resources in responding, Target neither requested to depose Ms. Hinds once she was disclosed, nor did Target request an extension of the fact discovery cut-off deadline. Any potential prejudice or surprise to Target can still be easily remedied by deposing Ms. Hinds. This factor supports a finding of harmlessness.

### 2.   Ability of Design Ideas to Cure Any Prejudice

Target had the opportunity to cross-examine Design Ideas' corporate representative Andy Van Meter on Design Ideas' response to Interrogatory 10, where Randa Hinds alleged relevance was first

disclosed. Target chose not to pursue any such line of questioning, but nevertheless, Design Ideas can still cure any potential prejudice to Target by ensuring Ms. Hinds is available to be deposed. This factor supports a finding of harmlessness.

### 3.   Likelihood of Disruption to Trial

Design Ideas' alleged Rule 26(e) violation is highly unlikely to disrupt trial, as the Court has not yet set a trial date and expert discovery is yet to be taken. This factor strongly supports a finding of harmlessness.

### 4.   The Bad Faith or Willfulness Involved

As of November 14, 2022, when Ms. Hinds was disclosed, not a single deposition had been taken by either party in the case. Design Ideas did not display bad faith or willfulness in not disclosing Ms. Hinds earlier.

## V.   CONCLUSION

For the reasons stated, Defendant Target Corporation's Motion to Strike Randa Hinds from Design Idea LTD's Initial Disclosures and Bar Testimony is DENIED.

**ENTERED: May 15, 2023.**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**